**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN P. O'BRIEN,

                    Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

                    Defendant-Appellee.

No.    22-35285

D.C. No. 6:20-cv-01998-JR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Argued and Submitted April 21, 2023
Portland, Oregon

Before:  RAWLINSON, BEA, and SUNG, Circuit Judges.

    John O'Brien (O'Brien) appeals the denial of his application for Social

Security benefits by an Administrative Law Judge (ALJ).  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (citation and internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citation and alteration omitted). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Id*. (citation omitted).

**1.** Substantial evidence supports the ALJ's discounting of O'Brien's subjective testimony regarding the extent of his physical and mental impairments. The ALJ provided "clear and convincing reasons" for discounting O'Brien's symptom testimony, and discussed the facts supporting his conclusions. *Id*. at 497. The ALJ identified the discounted testimony, and specified the medical evidence that supported his determination.

The medical records consistently documented that O'Brien had unremarkable imaging, normal movement, limited range of motion, normal strength, and no deformities or abnormalities. O'Brien also exhibited normal mood, responded well to interventions, improved while in therapy, and was alert, engaged, and oriented. *See id*. at 498 ("When objective medical evidence in the

record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony. . . .") (citation omitted).

2.    Contrary to O'Brien's argument, the ALJ did not reject Dr. Alan Silver's medical opinion. Rather, the ALJ incorporated the medical opinion into the residual functional capacity (RFC) determination of light work, no overhead reaching with the left arm, "only occasional interaction with coworkers or supervisors, no interaction with the general public," and "a static work environment." *See Turner v. Comm'r*, 613 F.3d 1217, 1223 (9th Cir. 2010) (concluding that the ALJ incorporated the medical expert's observations when the RFC was consistent with those observations).

To the extent O'Brien contends that the ALJ was required to consider Dr. Silver's opinion regarding O'Brien's ability to work, he is mistaken. The determination of whether a claimant can work is reserved to the Commissioner. *See* 20 C.F.R. § 416.920b(c)(3)(i) ("Statements that you are or are not . . . able to work, or able to perform regular or continuing work" are "inherently neither valuable nor persuasive" because such determinations are reserved to the Commissioner.).

**AFFIRMED.**